957 F.2d 911
 139 L.R.R.M. (BNA) 2807, 294 U.S.App.D.C. 162
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CVN COMPANIES, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 91-1235.
 United States Court of Appeals, District of Columbia Circuit.
 March 12, 1992.
 
 Before WALD, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the National Labor Relations Board and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Employer CVN Companies, Inc., petitions for review of an NLRB order finding that it violated §§ 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (3), by several instances of coercion or discrimination against a union activist employee. Petitioner principally attacks the adequacy of the evidence to support the Board's findings of fact. We note that the Board's findings are conclusive when supported by substantial evidence on the record considered as a whole. 29 U.S.C. § 160(e); Universal Camera Corp. v. NLRB, 340 U.S. 474, 493 (1951). This deference extends to inferences drawn from the initial findings. Southwire Co. v. NLRB, 820 F.2d 453, 456 (D.C.Cir.1987). Affording the Board the deference due it under this standard, we conclude that the Board's findings were supported by substantial evidence on the record as a whole.
 
 
 3
 We note petitioner's further argument that any violation was de minimis and should not have occasioned a proceeding by the Board or remedy under the Act. We are aware that the Board has held violations to be de minimis. See, e.g., American Federation of Musicians, 202 N.L.R.B. 620, 621-22 (1973). However, we know of no authority for the proposition that this Court may review the Board's failure to do so in any case. Indeed, in Dallas Mailers Union v. NLRB, 445 F.2d 730 (D.C.Cir.1971), we noted the problem of small and abstract grievances but left the solution to the Board, not the courts. It is therefore
 
 
 4
 ORDERED that the petition for review is denied.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).